# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE
HONORABLE STEVEN JONES,
DISTRICT COURT JUDGE, EIGHTH
JUDICIAL DISTRICT, COUNTY OF
CLARK, STATE OF NEVADA.

THE HONORABLE STEVEN JONES,
DISTRICT COURT JUDGE, EIGHTH
JUDICIAL DISTRICT, COUNTY OF
CLARK, STATE OF NEVADA,
Appellant,
vs.
NEVADA COMMISSION ON JUDICIAL
DISCIPLINE,
Respondent.

No. 64934

**FILED**

MAR 1 1 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND VACATING IN PART

This case comes before us on appeal from a Nevada Judicial Discipline Commission decision publicly censuring Steven Jones and imposing upon him a three-month suspension without pay for his conduct as a district court judge.

After reviewing the record, we hold that sufficient clear and convincing evidence was introduced to conclude that Judge Jones committed willful misconduct in violation of multiple provisions of the Nevada Code of Judicial Conduct, including NCJC 1.1, 1.2, 2.2, 2.4(B), 2.4(C), 2.11, and 2.12. The Commission has pointed to no evidence demonstrating that Judge Jones willfully obstructed staffing decisions as a result of his personal relationship with a deputy district attorney or that he used government time or assets to personally assist, or practiced law by assisting, the deputy district attorney with a State Bar grievance,

16-07821

however, and its findings in this regard are not supported by clear and convincing evidence in the record. Accordingly, we reverse and vacate the parts of the Commission's decision pertaining to Counts 3 and 12.

Nevertheless, the violations proven in the other counts were serious and justify the discipline imposed. *See In re Assad*, 124 Nev. 391, 406, 185 P.3d 1044, 1053 (2008) (explaining that, when determining the appropriate sanctions, this court must exercise its independent judgment); *In re Davis*, 113 Nev. 1204, 1222, 1226, 946 P.2d 1033, 1045, 1047 (1997) (sustaining the Commission's decision despite holding that certain canons were not violated). NRS 1.4677 governs forms of discipline following a finding of misconduct on formal charges and allows the Commission to publicly censure a judge and to suspend the judge from office without pay.[1] NRS 1.4677(1)(a), (c). Although the Commission found willful misconduct, the discipline imposed is commensurate with the violations even under the not knowing and deliberate standard. NRS 1.4653(2). Without considering Counts 3 and 12, Judge Jones allowed an attorney to appear before him and litigate termination of parental rights cases at the same time he pursued a close social relationship with that attorney, even after other attorneys that appeared before him noted concern. Although this litigation was not extensive, it had potential to, and in at least one case did, significantly impact the lives of the families involved. Judge Jones also deliberately instructed a hearing master to recuse herself in cases based on his bias, without ensuring that her recusal was procedurally proper or that those cases would be heard in an efficient and timely

---

[1]NRS 1.4675 applies to suspensions from office that take place before the judge is formally charged.

manner. And he directed his law clerk and judicial executive assistant to assist with the deputy district attorney's State Bar response. As a result, the District Attorney's Office and the court were left scrambling to find a way to process the cases assigned to the involved attorneys in a fair, timely, and efficient manner, and the general atmosphere became hostile. Public censure and suspension without pay is appropriate, especially given that, at the time of decision, Judge Jones was already suspended with pay in a separate matter. *See, e.g., The Florida Bar v. Gardiner*, ___ So.3d ___, No. SC11-2311, 2014 WL 2516419 (Fla., June 5, 2014) (disbarring judge who entered into a significant personal relationship with the lead prosecutor of an ongoing capital first-degree murder trial and who failed to disclose the relationship); *In re Gerard*, 631 N.W.2d 271, 278, 280 (Iowa 2001) (suspending a judge from office without pay for 60 days after the judge engaged in a secret affair with a government attorney who regularly appeared before him); *In re Schwartz*, 255 P.3d 299, 306 (N.M. 2011) (formally reprimanding and imposing training requirements and a $6,000 fine on a judge who pursued a personal relationship with an attorney appearing before him and who failed to recuse himself from her cases).

Nor do any concerns with the judicial discipline investigation warrant relief. NRS 1.4663(2) (providing that investigations may extend to matters "reasonably related to an allegation of misconduct or incapacity contained in the complaint"); *Jones v. Nev. Comm'n on Jud. Discipline*, 130 Nev. Adv. Op. 11, 318 P.3d 1078, 1083-84 (2014) (explaining that due process rights generally are not implicated during the investigatory phase of judicial discipline and, thus, relief will be granted only upon a showing of actual prejudice); *State v. Johnson*, 951 A.2d 1257, 1280-86 (Conn. 2008) (explaining that, in criminal cases, investigators have no duty to record all

 

interviews and the failure to record does not result in a due process violation). Therefore, we affirm the Commission's order of public censure as modified, and we affirm the determination that Judge Jones be suspended from office without pay for three months.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

PICKERING, J., concurring in part and dissenting in part:

I agree with the order affirming in part and reversing and vacating in part, except that I would affirm the Commission's decision as to Count 3. I therefore dissent as to Count 3 but otherwise join the foregoing order.

_____, J.
Pickering

cc: The Jimmerson Law Firm, P.C.
Hutchison & Steffen, LLC
Law Offices of Kathleen M. Paustian, Chartered
Nevada Commission on Judicial Discipline

